## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| Stephen M. Johnson, | ) |
|         Plaintiff, | ) |
| vs. | ) No. 05-0822-CV-W-FJG |
| GMAC Bank, | ) |
|         Defendant/Third-Party Plaintiff, | ) |
| vs. | ) |
| North American Savings Bank, FSB and Bank One, NA, | ) |
|         Third-Party Defendants. | ) |

## ORDER

Before the Court are third-party defendant North American Savings Bank, FSB's ("NASB") responses to the Court's orders to show cause (Doc. Nos. 16 and 19).

On September 7, 2002, plaintiff Stephen M. Johnson filed his petition in the Circuit Court of Jackson County, Missouri, stating eight separate claims under state law. Plaintiff later amended his petition, adding state law claims. Plaintiff filed a second amended petition on or about July 21, 2003, which added claims under the Truth-in-Lending Act, 15 U.S.C. § 1635. Defendant GMAC Bank did not remove this matter when the federal claim was added; instead, defendant GMAC Bank filed a motion to dismiss with the state court. The motion to dismiss was granted, and plaintiff appealed. The Missouri Court of Appeals, Western District, reversed the order dismissing plaintiff's claims, finding that plaintiff had sufficiently stated claims under the Truth-in-Lending Act. The case was remanded to the Circuit Court of Jackson County, Missouri, on or about June 3, 2005. On or about July 18,

2005, GMAC Bank filed a third-party claim against NASB and Bank One, N.A.[1], as well as a counterclaim against Stephen M. Johnson. NASB removed GMAC Bank's third-party claim and counterclaim, on September 8, 2005.[2] NASB's purported basis for this removal was federal question jurisdiction, with NASB asserting that certain claims made in the third-party complaint arise under the Truth in Lending Act.

On October 28, 2005, the Court issued an Order (Doc. No. 9), directing third-party NASB to show cause why this case should not be remanded to the Circuit Court of Jackson County, Missouri, noting that the general rule is that third-party defendants are unable to remove cases to federal court. On November 30, 2005, NASB filed a response to the Court's Order, indicating that this case falls into an "accepted exception to this policy," but not explaining how the claims in the third party petition are "separate and independent" from the claims filed in plaintiff Stephen M. Johnson's state court petition. See Doc. No. 16. Therefore, the Court directed third-party defendant NASB to provide a further response, explaining how the claims against NASB fall within a recognized exception to the law cited in the Court's original order to show cause. See Doc. No. 18. On December 15, 2005, third-party defendant NASB responded to the Court's second order to show cause. See Doc. No. 19. From a review of the responses of third-party defendant NASB, it is apparent that this case was improperly removed to this Court.

---

[1] From the record, some question appears as to whether third-party defendant Bank One, N.A. has been properly served (see Doc. No. 17). In any event, no attorney has entered an appearance on behalf of third-party defendant Bank One, N.A. in this action.

[2] It is unclear whether third-party NASB intended to remove the entire action to federal court, or just the counterclaims and third-party claims made by defendant GMAC Bank. There is no indication from the record that the original claims made by plaintiff have been severed from the counterclaims/third-party claims made by GMAC Bank. In any event, no matter whether all or just a portion of this case was removed to federal court, the removal was improper and the entire matter should be remanded to state court.

First, third-party defendant NASB has purported to remove a counter-claim against plaintiff Stephen M. Johnson that is based on the same facts as the third-party claim against NASB and third-party defendant Bank One, N.A.  Third-party defendant NASB notes that plaintiff has not objected to this removal, and in fact, has "expressed a desire that this case be removed to federal court."  See Doc. No. 19, ¶ 3.  However, plaintiff's approval of the removal of this action is irrelevant, as plaintiffs have no right to remove counterclaims made against them.  See Duckson, Carlson, Bassinger, LLC, v. The Lack Bank, N.A., 139 F.Supp.2d 1117, 1119 (D. Minn. 2001)(citing 28 U.S.C. § 1441; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642 (2nd Cir. 1993); and 14C Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure, § 3731 (3rd ed 1998)(stating plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them)).  Plaintiff chose to file the pending matter in state court, and thus has no right to remove this case to federal court.

Second, third-party defendant NASB argues that this case should be removable because certain of the claims in plaintiff's petition arise under federal law.  However, third-party defendant NASB is not the proper party to raise this issue; under 28 U.S.C. § 1441(a), only defendants are allowed to seek removal.  The rule in the Eighth Circuit appears to be that third-party defendants are not "defendants" within the meaning of the removal statutes.  See Lytle v. Lytle, 982 F.Supp. 671, 675 (E.D. Mo. 1997)(citing numerous cases).  Defendant GMAC Bank did not remove this case to federal court, and now appears to be time-barred from doing so.  See 28 U.S.C. § 1446(b) (providing that a notice of removal for a case not initially removable must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").  Although defendant GMAC possibly could have

3

removed this case to federal court in 2003, it apparently chose not to follow that course of action. In any event, plaintiff's second amended petition cannot be removed by third-party defendant NASB.

The only other possible avenue for third-party defendant NASB to remove a portion of this case is 28 U.S.C. § 1441(c), which provides that removal may be proper "whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action." Under 28 U.S.C. § 1441(c), a claim is not "separate and independent" of a non-removable claim if both arise from the same loss or actionable wrong. See Bolden v. Summers, 181 F.Supp.2d 951, 955 (N.D. Ill. 2002). It is apparent from the facts pled in plaintiff's second amended petition and defendant's counterclaim/third-party petition that all causes of action arise from the same fact pattern; namely, plaintiff alleges he applied for loan refinancing with defendant, signed the paperwork with defendant, and then changed his mind and attempted to cancel the loan transaction within the time frame allowed for such cancellation. Plaintiff seeks damages for violations of federal Truth in Lending laws and conversion, as well as a quiet title action against defendant GMAC. Defendant alleges that it never received the cancellation notice from plaintiff, and therefore executed a payment and satisfaction of plaintiff's prior mortgage loans with third-party defendants NASB and Bank One. Defendant alleges a claim for rescission against plaintiff Johnson and third-party defendants NASB and Bank One. Under this fact pattern, it appears that the claims against third-party defendants are not "separate and independent" of the non-removable counterclaim pled against plaintiff. Nor are the claims against third-party defendants "separate and independent" of the claims pled in the second amended petition.[3] This Court finds, therefore, that third-party defendant NASB was without

---

[3]As mentioned above, removal by defendant of the claims pled in the second amended petition is now likely time-barred.

authority to remove this case under these facts.

Therefore, as this Court lacks a basis to retain removal jurisdiction over this case, the pending matter is **REMANDED** to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.<br>United States District Judge

Dated:   January 9, 2006
Kansas City, Missouri